### FOX TYPEWRITER CO. v. UNDERWOOD TYPEWRITER CO.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1923.)

No. 3698.

1. Patents ⬅312(1)—Burden on complainant to show infringer received profits.
   In an infringement case, the burden was on the plaintiff to show that infringer received profits from the sales of its typewriters equipped with plaintiff's tabulators, which were due solely to the tabulator and the amount thereof.

2. Patents ⬅312(3)—Profits need not be shown with precise accuracy.
   The burden on plaintiff to show profits earned by infringer did not require plaintiff to show such profits with precise accuracy; reasonable certainty being sufficient.

3. Evidence ⬅18—Common knowledge that greater production reduces cost.
   It is a matter of common knowledge that the greater production of units of manufacture and the greater number of sales of units of sales reduces the cost of production and sale per unit.

4. Patents ⬅318(6)—Interest on infringer's capital not considered in fixing profits.
   In a case in which the amount of recovery is limited to so much of the profits received by infringer from the sale of its typewriter with complainant's tabulator attached thereto as was due to such tabulator, complainant is entitled to this profit, even though infringer's business was a losing venture, and hence interest on infringer's invested capital need not be taken into consideration.

Appeal from the District Court of the United States for the Southern Division of the Western District of Michigan; Clarence W. Sessions, Judge.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by the Underwood Typewriter Company against the Fox Typewriter Company. Decree for complainant, and defendant appeals. Affirmed.

Fred L. Chappell, of Kalamazoo, Mich. (Chappell & Earl, of Kalamazoo, Mich., on the brief), for appellant.

Hans v. Briesen, of New York City (Briesen & Schrenk, of New York City, on the brief), for appellee.

Before DONAHUE, Circuit Judge, and COCHRAN and PECK, District Judges.

COCHRAN, District Judge. This cause is here for the second time. The opinion delivered on behalf of this court by Judge Sater on the former appeal is reported in 220 Fed., beginning at page 880, 136 C. C. A. 446. The litigation began with a controversy as to the validity of a patent for a tabulator owned by appellee, and, as to its infringement, by appellant. Both matters were determined adversely to appellant by the lower court. Judge Knappen's opinion is reported in 181 Fed., beginning at page 530. An interlocutory decree was entered, so adjudging, and ordering a reference for an accounting. The infringing period ran from June, 1906, to September 23, 1907, when the patent expired. In that time appellant made and sold 530 tabulators, embodying appellee's patent, separately from its typewriter. Appellee's tabulator was a single stop. That so made and sold by appellant was a ten-stop, or decimal, tabulator. The master found that appellant had received a profit of $1,750.36 from the sale thereof, and awarded that sum to appellee on this account. He also found that appellant had made and sold 5,606 typewriters with the appellee's tabulator as a part thereof, and received a profit of $55,901.03 from such sales, and awarded that sum to appellee on that account. Upon the hearing on the master's report the finding as to the first amount was approved, and that as to the second disapproved. The disapproval was not on the ground that appellant had not made such profit, but that it did not appear that the making of such profit was due to the tabulator. It not appearing what, if any, portion of such profit was due to the tabulator or that appellee had suffered any damage by the infringement, a decree was entered adjudging appellee $1,750.36, with interest, and $1 as nominal damages.

Both parties, feeling aggrieved, appealed from the decree. It was on these appeals that the former opinion, heretofore referred to, was delivered. Appellant's appeal involved the merits and the sums awarded against it; appellee's, the limitation of its recovery to $1 on account of the larger infringement. On the former, the adjudication as to the validity of the patent and its infringement, and as to appellee's right to $1,750.36 on account of the 530 tabulators sold separately, was held proper, and so much of the decree was affirmed. On the latter, the other portion of the decree was reversed. The reversal, however, was not on the ground that the lower court had erred in not awarding to appellee more than $1. This holding was approved. It was to afford appellee an opportunity to show, if it could, what, if any, portion of the profits received on account of the larger infringement was due

to the tabulators. This court, in its opinion, pointed out a method by which such fact could be shown. It said:

"If the difference between the average profit on each tabulating and on each nontabulating machine made or sold in any given year be multiplied by the number of tabulating machines made or sold within such year, the result ought to represent the profit which plaintiff is entitled to recover for such period. As the defendant was accustomed to making annual statements, compliance with the method above suggested should impose no hardship on it."

It said further, however:

"Such method is not to be understood as exclusive; if it should be found not applicable, and the certainty which it would afford be not attainable, the parties may have occasion to resort to some other way of determining the amount of recovery, as was done in Herman v. Youngstown Mfg. Co., 216 Fed. 604, 132 C. C. A. 608, or, as suggested in U. S. Frumentum Co. v. Lauhoff, 216 Fed. 610, 132 C. C. A. 614, both of which were decided by this court."

On the return of the cause to the lower court a re-reference was had, and the master found that, of the profit received by appellee from the sale of the 5,606 typewriters with appellee's tabulators as parts thereof, $10,433.33 was due to the tabulators, and awarded appellee that sum. This finding, on a hearing on the report, was approved by the lower court, and thereupon a decree was entered in favor of appellee against appellant for that sum and for the $1,750.36 theretofore decreed, making together the sum of $12,233.58, with interest from the date of the last report. It is from this decree that this appeal is taken.

Appellant complains of the decree in so far as it adjudges, for the second time, the sum of $1,750.36 against it on account of the profit received by it from the sale of the 530 tabulators sold separately. But it is not open now to question appellee's right to this sum. It was adjudged in its favor by the decree of the lower court from which the first appeal was taken, and on this appeal this portion thereof was not reversed, but affirmed. No reason occurs to us why appellee could not have stood on this decree and taken a decree only for the other sum. That appellant's complaint here is not dealt with on its merits is not to be taken as an indication that we have any doubt as to the propriety of the decree in this particular. The consideration advanced renders it unnecessary that we should so deal with it.

[1, 2] Appellant's main complaint has to do with the other portion of the decree. It introduced no evidence before the master concerning that matter. It contented itself with urging that appellee's evidence failed to establish that it·was entitled to that sum. And such is its position here. Undoubtedly the burden was upon appellee to·show that appellant received profits from the sales of its typewriters equipped with appellee's tabulator, which were due solely to the tabulator, and the amount thereof; and in the absence of the introduction by appellee of such evidence it was not incumbent on appellant to introduce any evidence. But this burden was not to show such profits with precise accuracy. It was no more than to establish them with reasonable certainty. It did not go even this far. It was not to so establish the whole amount thereof. It was no more than to so establish that the

profits so received amounted at least to a certain sum. So the question here is whether appellee's evidence established with reasonable certainty that such profits amounted, at least, to the sum of $10,483.33, the amount adjudged by the lower court.

Certain facts appearing from that evidence are not questioned by appellant. They are these: Prior to January, 1906, appellee had put on the market a visible typewriter and made a success of it. Its success was so great that its competitors were driven to a like machine. In January, 1906, appellant began to make and sell such typewriters. Between that time and June, 1906, it made and sold 640 visible typewriters. None of them was equipped with a tabulator. It realized from such sales a profit of $1.22 on each one, or $780.80 in all. In June, 1906, it began to equip its typewriters with appellee's tabulator, and continued so to do until the expiration of the patent, September 23, 1907. It so did because it was indispensable that it should so do to maintain itself in business. The necessity here was probably not so great as before. But it was a real necessity. Appellee's tabulator was the only practically and commercially successful tabulator. It was highly useful in saving time and annoyance. It added greatly to the salability of a typewriter. It was difficult to sell a typewriter without such an equipment. An expert user of typewriters, an expert salesman thereof, and an expert typewriter mechanical engineer testified on behalf of appellee to this effect. Results showed it. When appellee began to so do it advertised the fact, and announced to its customers in its printed matter that the time had gone by when a typewriter was limited only to correspondence, but that now its typewriters could be used for billing, etc. When appellee moved for a preliminary injunction in this suit, appellant's president made affidavit that an injunction restraining it from using the patented device would "greatly injure, if not irreparably damage, it," and, on this plea, the injunction was suspended on the giving of a bond for $10,000. Most of the 5,606 typewriters realized a profit of $10.63, as to each, in excess of that realized from the 640, and this sum was taken as the additional profit as to all.

Applying strictly the method suggested by this court on the former appeal, appellee was and is entitled to considerably more than has been adjudged to it. That method, as suggested, presupposes that appellant had made and sold the two kinds of typewriters contemporaneously. It had not then been made to appear, at least not clearly, that such was not the case and that the sales had been successive. This error does not seem to be in the way of the application of the method, and the master did not so regard it. But he declined to follow it. The additional profit of $10.63 for each typewriter so equipped was made up of three items, to wit, $1.38 saving in the cost of manufacture, $7.38 saving in the cost of selling, and $1.87 excess in selling price. What he did was to refuse to allow appellee these two savings, on the ground that some other element than the tabulator was plainly present to bring them about. He made no suggestion as to what that element was. The excess in selling price, to wit, $1.87, he took to be due to the presence of the tabulator. This, multiplied by the total number of 5,606, produced the sum of $10,483.33, which he allowed, and for which the

decree was given. The cost of manufacturing taken into consideration in arriving at $10.63 as the additional profit did not include the cost of the tabulator, which was 89 cents for each one. No deduction was made for this on the ground, as stated by the master, that, in his "judgment, based on a careful study of the entire record, the cost of selling was reduced at least that much because of the use of the tabulator." As to this the lower court had this to say:

"The only doubt as to the correctness of the conclusion reached by the master arises from his failure to deduct from the award the cost of the patented tabulating device. It is true that to offset such cost against a saving in another direction is to introduce an indefinite and uncertain element into an otherwise definite and certain computation. But the evidence fully sustains the finding that the addition of the tabulator reduced by at least the amount of its cost the selling cost of the typewriter."

[3] There can be no doubt as to the correctness of this conclusion of the master and the lower court. The only question can be whether the addition of the tabulator did not reduce the selling cost much more than 89 cents, and also reduce the manufacturing cost to a material extent. Indeed, it is open to claim that such addition had much to do with the two savings in manufacturing and selling costs, and that a substantial portion of the additional profit arising from such savings was attributable to the tabulator and allowable to appellee. As heretofore stated, the evidence makes clear that the tabulator was indispensable to appellant's operating at a substantial profit. Its visible typewriter without the tabulator had a very limited sale. With the tabulator its sales more than trebled. It is a matter of common knowledge that the greater production of units of manufacture and the greater number of sales of units of sales reduces the cost of production and of sale per unit. The evidence suggests no other element than the tabulator which could have contributed to these savings, at least to anything like the extent which the tabulator must have contributed thereto.

Appellant directs attention to a long list of patents procured by it as indicating that appellee was progressing and improving its typewriter. Attention is not called to any evidence as to the utility of these patents or as to their having been used by appellee. There is not the slightest indication as to how these patents, if used, affected the result. There is no evidence of any difference between the cost of labor and material in the two periods. Possibly the cost of manufacturing and selling at the outset of appellant's marketing visible typewriters was greater, at least, in the matter of selling, than later on, though here it is to be taken into consideration that appellant was not then entering into the typewriter business. It had been in that business for a long time before. So it is that what stands out above everything else as having brought about these savings is the tabulator, and that by increasing production and sales. It is difficult to resist the conclusion that such savings were largely due thereto.

It remains to consider the particulars in which it is claimed by appellant that an injustice was done it by the master. They are two: It is urged that the master erred in his finding that appellant's typewriters with the tabulator sold $1.87 or any sum in excess of the typewriters without the tabulator. It is not contended that if they did so sell that

the excess price was not due to the tabulator. The claim is simply that, as a matter of fact, the two kinds of typewriters were sold for the same price. This claim is based, not on anything in the record in this court on the former or on this appeal. It is based on certain statements of account filed with the master, said to be voluminous and extensive, which have never been brought here, and appellant has filed a motion to have the lower court certify them to this court for consideration, which motion was submitted with the main case. No objection was made to this finding of the master in answer to his trial report, nor was any exception taken thereto in his final report. It has not been assigned as error and the statements of account on which the contention is based were not brought here with the original record. It is not stated in detail just what these statements do show, so that we can determine whether such showing bears out the contention. If the statements were certified here it would be left to us to cull from them what they contain bearing on the matter. On the other hand, the record in this court sustains this finding of the master. The motion is overruled, and it must be held that the point is not well taken.

[4] The other point urged is that the master in ascertaining the profit made from the sale of the typewriters with the tabulator did not take into consideration the interest of appellant's invested capital. It is claimed that the decision in the case of Oehring v. Fox Typewriter Co., 251 Fed. 584, 163 C. C. A. 578, is an authority for this position. This decision follows that in the case of Western Glass Co. v. Schmertz Wire Glass Co., 226 Fed. 730, 141 C. C. A. 486. But in both those cases the recovery took in the profits of the infringer's business. Of course, in such a case, interest on the capital invested in the business must be taken into consideration in determining the profits thereof. This is not such a case. It is a case in which the amount of recovery is limited to so much of the profits received by appellant from the sale of its typewriter with appellee's tabulator attached thereto as was due to such tabulator. Appellee is entitled to this profit, even though appellant's business was a losing venture. It comes within the case of Tilghman v. Proctor, 125 U. S. 136, 146, 8 Sup. Ct. 894, 899 (31 L. Ed. 664). It was there said:

"If the defendant gained an advantage by using the plaintiff's invention, that advantage is the measure of the profits to be accounted for, even if from other causes the business in which the invention was employed by the defendant did not result in profits. If, for example, the unauthorized use by the defendant of a patented process produced a definite saving in the cost of manufacture, he must account to the patentee for the amount so saved."

This quotation was made from the opinion in the case of Cawood Patent, 94 U. S. 710, 24 L. Ed. 238:

"If their general business was unprofitable, it was the less so in consequence of their use of the plaintiff's property. They gained, therefore, to the extent that they saved themselves from loss. In settling an account between a patentee and an infringer of the patent, the question is, not what profits the latter has made in his business, or from his manner of conducting it, but what advantage has he derived from his use of the patented invention."

The point, therefore, is not well taken, and it must be held that appellant has not made a case against the decree. It may be added, as favoring that conclusion, that the three experts heretofore referred to each testified that the appellee's tabulator added as much as $10 to the salable value of each typewriter of which it was a part; and we may say, further, that even if the statement of accounts which appellant desires to have brought before this court sustains its contention, we would not disturb the decree of the lower court. This is on the ground that we are satisfied that appellee's tabulator saved to appellant, in manufacturing and selling costs, at least the amount of the decree.

The decree of the lower court is affirmed.